UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Henry Thomas Clark, | ) |
|                              Petitioner, | ) C/A No. 8:18-cv-01934-DCC ) ) |
| vs. | ) ) |
| Warden FCI Edgefield, | ) ORDER ) |
|                             Respondent. | ) ) |

Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. ECF No. 1. Respondent filed a Motion to Dismiss. ECF No. 10. Petitioner filed a Response in Opposition. ECF No. 13. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report"). On August 30, 2018, the Magistrate Judge issued a Report recommending that the Motion to Dismiss be granted. ECF No. 15. Petitioner filed objections to the Report. ECF No. 17.

**APPLICABLE LAW AND ANALYSIS**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or

modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

In his objections to the Report, Petitioner helpfully clarifies that he does not object to the Magistrate Judge's recitation of the facts or the relevant applicable law. He also appears to concede that the Magistrate Judge correctly found that his statutory sentencing enhancement under 21 U.S.C. § 851 fails to satisfy the savings clause. He does not mention the Magistrate Judge's finding that his claim regarding the colloquy should be dismissed. The Court has reviewed the Report for clear error with respect to these claims and agrees with the recommendation of the Magistrate Judge. The Court now turns to a discussion of the portion of the Report to which Petitioner objected.

Petitioner brings this action pursuant to 28 U.S.C. § 2241 challenging a career offender enhancement imposed under § 4B1.1 of the United States Sentencing Guidelines, alleging one of the prior convictions used as a basis for that enhancement no longer qualifies as a predicate offense in light of *United States v.* Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). As explained by the Magistrate Judge, the United States Court of Appeals for the Fourth Circuit has found that, under certain circumstances a § 2255 motion may be inadequate or ineffective to test the legality of a sentence so as to satisfy

the § 2255 savings clause. *See United States v. Wheeler*, 553 F.3d 415, 428 (4th Cir. 2018). To demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a sentence, a petitioner must establish:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Id*. at 429.

The Magistrate Judge determined that Petitioner is unable to satisfy the fourth element of the test. Petitioner objects to this finding. He asserts that his prior second-degree murder conviction no longer qualifies as a predicate offense under the career offender guidelines He contends that other cases are factually distinguishable from the facts in his case and that his claim of factual innocence of his sentence enhancement due to a change in the law can be raised in a § 2241 motion.

Upon de novo review of the applicable law and the record in this case, the Court agrees with the Magistrate Judge's analysis. As stated in the Report, the Fourth Circuit has held that an error in "sentencing a defendant pursuant to advisory Guidelines based on a career offender status that is later invalidated" does not rise to the level of a "fundamental defect" such that it could be cognizable under § 2255. *United States v. Foote*, 784 F.3d 931, 936, 940–43 (4th Cir. 2015) (holding that petitioner's career offender designation was not a fundamental defect when petitioner's prior state convictions had

been vacated, petitioner was sentenced under advisory guidelines, and petitioner's sentence fell within the permissible statutory range). Moreover, the Fourth Circuit has stated that its holding in *Foote* that "a Guidelines career offender designation later nullified by *Simmons* was not one of those errors" that could satisfy the "fundamental defect" element. *Wheeler*, 886 F.3d at 432 n.9. Accordingly, Petitioner's objections are overruled.

## CONCLUSION

Accordingly, the Court adopts the recommendation of the Magistrate Judge. Respondent's Motion to Dismiss [10] is **GRANTED** and the Petition is **DISMISSED**.

In addition, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the Court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

April 16, 2019
Spartanburg, South Carolina